[No. 5772.]

## HOFFMAN v. MURPHY ET AL.

**Contracts—Modification—Effect.**

The lessees of a mine had an option to purchase for $15,000, payable in installments, the royalties under the lease to be applied on the purchase price. After about $3,000 had been paid in this manner, the lessees purchased the property for additional $9,000, but nothing was said about the royalties accruing during the last month. Held, that the only variation from the original agreement being to fix the purchase price at $9,000, the lessees

had the right to apply the amount of such royalties on the purchase price last agreed upon.—P. 109.

*Appeal from the District Court of the City and County of Denver.*

*Hon. Samuel L. Carpenter, Judge.*

Action by S. S. Murphy and Emma A. Arbuckle against J. H. Hoffman. From a judgment for plaintiffs, defendant appeals.          *Reversed.*

Mr. ROBERT KANE, for appellant.

Mr. F. A. WILLIAMS, for appellees.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The lessees of a certain mine had an option of purchase from the owners for the sum of fifteen thousand dollars, and the deeds conveying it were placed in escrow. By the terms of the escrow agreement the royalties provided for in the lease were to apply on the purchase price. February 26th, 1904, negotiations were begun between the owner and the lessees looking to a purchase of the property, and it was agreed on February 27th that the property should be sold for the sum of nine thousand dollars cash, and a draft for the sum of nine thousand dollars was delivered to the owner. The draft having been paid and the money received in Denver, on March 3rd, 1904, the deeds placed in escrow were delivered. At the time the parties agreed to a reduction of the amount of the purchase price, there was due under the escrow agreement, which provided for payment of the purchase price in installments, a sum in excess of twelve thousand dollars. During the negotiations for the purchase, nothing was said by either party concerning royalties, and royalties amounting to the sum of about two hundred and fifty

dollars accrued during the month of February, 1904. This controversy arises over the royalties that accrued during the month of February, 1904. It was claimed by the plaintiff, and the court so held, that the agreement made in February, 1904, by the terms of which there was a reduction in the amount to be paid by the lessees in case the property was purchased, was a new and distinct agreement, and that as the deeds to the property were not delivered until the 3rd day of March, 1904, all unpaid royalties belonged to the owners; and the court rendered judgment against the lessees of the property for the sum of $249.00.

We can not agree with the learned judge of the district court. In our opinion the judgment should have been rendered in favor of the defendants. The only variation from the original agreement was to fix the purchase price at nine thousand dollars. As nothing was said about royalties under the lease, we must hold that the lessees had the right to apply them on the purchase price, as provided in the original agreement. The judgment is therefore reversed.

*Reversed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HELM concur.