No. 19,686.

Lewis J. Robinson, et al. *v.* Mario E. Crosson, et al.

(368 P. [2d] 791)

Decided February 13, 1962.

Mr. Robert Sunshine, Mr. H. D. Reed, for plaintiffs in error.

Messrs. Richeson and Lawler, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

PLAINTIFFS (plaintiffs in error here) sued to enjoin foreclosure proceedings brought by the Crossons and to recover from them damages (1) for breach of contract in not completing a retaining wall, and (2) for injury resulting to plaintiffs' property from lack of the completed wall.

A melange of unrelated and in some respects inconclusive findings requires reversal of the judgment entered in this case. An affirmation of the judgment would merely sustain a decree denying injunctive relief and a money judgment based upon the amount alleged to be owing on a deed of trust, together with attorneys' fees, interest, and costs. It would leave unresolved the sole issue, settled at the pre-trial conference and restated in the "Findings of Fact, Conclusion of Law and Judgment," to wit:

"At a pre-trial * * * it was resolved that the only question involved in the law suit, was whether or not a retaining wall, which was contracted for at the time of the purchase of the trailer court by the plaintiffs, had been completed in accordance with the terms of the contract."

The Crossons had entered into a written agreement with Lewis J. Robinson for the sale of their trailer court located on Federal Boulevard in Adams County, Colorado. A later written instrument changed the date of performance and provided for Robinson delivering a note secured by deed of trust, instead of payment of cash at the time the deal was to be closed.

The original agreement provided that: "The parties of the second part [Crossons], as part of this contract, agree to complete the retaining wall which is now under construction." There is evidence to the effect that nothing was done in furtherance of construction of the

wall after the original agreement was signed, and there is evidence to the contrary.

There is evidence that the ground to the south of the trailer court had been "chopped away" the approximate length of the trailer court; that footings of varying lengths to support a retaining wall were in place at the time, and that the Crossons had undertaken to complete a wall the length of the lot upon which the trailer court was located. Any of these might indicate what would constitute the completion of the wall then under construction. If and to what extent the wall was not completed was a question of fact for the trial court to resolve.

Had the trial court found that the retaining wall was not completed in accordance with the agreement, then it should have determined whether and to what extent the plaintiffs sustained damages for such failure, together with damages resulting from the washing of dirt and debris from the adjacent premises, due to the absence of a completed retaining wall.

 As already noted, at the pre-trial conference it was agreed that the only issue to be resolved was that relating to the construction of the retaining wall. This issue was not decided. The trial court determined "that the plaintiffs in this case have failed to sustain the burden of proof to show they are entitled to any injunctive relief. Also, the testimony shows the defendants were entitled to foreclose their deed of trust upon the default made therein; and it is the findings and conclusions of the court that the defendants are entitled to judgment against the plaintiff in the amount of the deed of trust, plus costs, attorneys fees, and interest in the amount of $7,217.77."

Since the trial court failed to adjudicate the issue which the court and the parties, in a pre-trial conference, agreed was the only one before it, we have before us, in effect, a record revealing an incomplete disposition of the case. Piecemeal relief was actually granted

here. This whole controversy should have been resolved unitarily, since whatever relief could or should have been granted in the case was dependent upon possible offsetting claims. See *Brown v. Telephone Co.*, 121 Colo. 502, 218 P. (2d) 1063.

It is seriously urged that the second written instrument, not having made any mention of a retaining wall, represented a new contract in which the Crossons were relieved of the obligation of completing the retaining wall then under construction. The original written instrument and the second instrument must be read together to make a complete contract.

Modifications do not necessarily abrogate the original contract entirely; indeed, the terms of the old contract are still to be followed so far as not changed or as inconsistent with the new terms, and the governing contract may be said to be composed of the new terms and the unchanged terms of the old. An intention to discharge the old contract is not presumed, and it must be made to appear that the parties intended to terminate the old contract in its entirety in order for it to be superseded completely by the new one. *Hoffman v. Murphy*, 44 Colo. 107, 96 Pac. 780; *Norton's Estate v. McAlister*, 22 Colo. App. 293, 123 Pac. 963.

Because the case must be reversed, it is suggested that, on a new trial, a proper measure of damages be employed regarding the completion of the retaining wall in the event the court finds it was not completed in accordance with the agreement. The retaining wall in question was to be of cinder block construction. Only the cost of completion of a wall of the same kind and quality as that under construction would be a proper measure of damages as to this item.

Judgment reversed.

Mr. Chief Justice Day and Mr. Justice Sutton concur.